**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
David E. Gevertz (*admitted pro hac vice*)
E-mail: dgevertz@bakerdonelson.com
3414 Peachtree Road, Suite 1500
Atlanta, GA 30326
Telephone: (404) 221-6512

Savannah D. McCabe (*admitted pro hac vice*)
E-mail: smccabe@bakerdonelson.com
265 Brookview Centre Way, Suite 600
Knoxville, TN 37919
Telephone: (865) 971-5170

**KENNEDYS CMK LLP**
Susan F. Dent (SBN 292900)
E-mail: Susan.Dent@kennedyslaw.com
101 California Street, Suite 1225
San Francisco, CA 94111
Telephone: (415) 323-4460

Attorneys for Defendants
CRAWFORD & COMPANY and
BROADSPIRE SERVICES, INC.

**O'DELL LAW OFFICES**
Valerie Toohey O'Dell (SBN 101999)
E-mail: valerie@odell-law.com
3017 Douglas Blvd., Suite 300
Roseville, CA 95661
Telephone: (916) 774-7532

Attorney for Plaintiff
EMA ROSALES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| EMA ROSALES, <br><br> Plaintiff, <br><br> v. <br><br> CRAWFORD AND COMPANY; BROADSPIRE INSURANCE SERVICES, INC.; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:20-CV-02530-JAM-AC <br><br> (Assigned to the Honorable John. A Mendez) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> TRIAL DATE: July 18, 2022 |

1

IT IS HEREBY STIPULATED AND AGREED between the Parties, by and through their undersigned counsel of record, that:

WHEREAS to expedite discovery and permit discovery to proceed without the delay occasioned by possible disputes regarding claims of confidentiality, the Parties wish to produce documents and things subject to the protective provisions set forth below; and

WHEREAS, the Parties anticipate that, given the nature of the claims and defenses in this action, discovery will likely include personal medical information and/or proprietary business information, the disclosure of which poses a substantial risk of harm to the Parties' privacy and/or business interests;

NOW, THEREFORE, the Parties hereby agree to the Terms and Conditions set forth below, and entry by the Court of this Protective Order, which shall govern the use, handling, and disclosure of all documents, responses to interrogatories, depositions, and other discovery in the above-styled action (the "Litigation").

## TERMS AND CONDITIONS

1. Plaintiff Ema Rosales ("Plaintiff") and Defendants Crawford & Company ("Crawford") and Broadspire Services, Inc. ("Broadspire") (when referring to Crawford and Broadspire together, "Defendants"), are hereinafter referred to collectively as the "Parties" or in singular as a "Party."

2. Designation of Confidential Information.

   a. As used herein, the term "Confidential Information" shall mean: (1) personal identifying information, such as social security numbers; (2) personal health information protected by the Health Insurance Portability and Accountability Act and subject to the requirements of 45 C.F.R. §§ 160 and 164 ("PHI"); or (3) information that: (i) constitutes or contains non-public and proprietary personal, financial or commercially-sensitive information or (ii) constitutes information belonging to a third party in the possession of a Party which is subject to contractual or legal non-disclosure obligations. Information shall not be entitled to confidential

treatment hereunder if it: (i) is publicly available at the time of the production, or (ii) later becomes publicly available in significant and material detail through no fault of the recipient.

   b. Any Party producing, providing, releasing, or filing documents, responses to interrogatories, or other materials in the Litigation that contain Confidential Information may designate such documents, responses to interrogatories or other materials and the contents therein "Confidential" subject to this Order, by typing or stamping on the front of the document, or on the portion(s) of the document for which such treatment is desired, "Confidential" where appropriate. If Confidential Information is provided in response to written discovery, such information shall be disclosed in an attachment marked Confidential so as to avoid designating the entire response as such.

   c. With respect to deposition testimony, a Party may designate portions of deposition testimony as Confidential during a deposition by announcing the same at the time and asking the court reporter to mark such testimony at the time of deposition or within thirty days of receipt of the transcript. All such documents or materials designated Confidential shall be treated as Confidential, as appropriate, pursuant to this Order unless the Court shall, on motion and for good cause shown, decide otherwise or except as otherwise provided herein.

   d. The provisions of this Order protecting information or documents produced shall apply to information or documents produced by a third party in response to a subpoena or non-party request issued in this case, and such third parties may designate materials Confidential just as a Party may do under this Order and such materials shall be entitled to the same protection as if produced by a Party under this Order. Third parties producing documents designated Confidential under this provision are not required to execute a statement of confidentiality with respect to those documents they produce as otherwise required by ¶ 6(f) of this Order.

3. Challenges to Designation or Redactions.

    a. Either Party may challenge the designation of any documents, responses to interrogatories, portions of deposition testimony, or other material as Confidential under this Order no later than the close of the applicable discovery period or within twenty-one (21) days of receipt of the document, whichever last occurs. Any such designation challenge will be resolved in the sole discretion of the Court. The designation of information as Confidential shall remain binding until properly and successfully challenged as provided herein; but the designation shall not be ultimately conclusive or presumptive. The burden of showing the propriety of the Confidential designation shall rest with the Party making the designation.

    b. A Party making a challenge pursuant to Section 3(a) will first confer in good faith with the other Party, in the manner contemplated by Local Rule 251(b), to resolve the dispute regarding the confidentiality designation. Only after the Parties have conferred in good faith without resolution of the dispute shall the challenging Party be permitted to bring the dispute to the Court.

4. Except as provided herein, no material designated Confidential pursuant to this Order shall be used directly or indirectly by any person for any reason or purpose whatsoever other than for the prosecution of the Parties' claims and defenses in this Litigation.

5. Upon receiving any documents, responses to interrogatories or other materials designated Confidential pursuant to this Order, or receiving deposition testimony designated as Confidential pursuant to this Order, counsel for the Parties hereby agree not to disclose in any manner whatsoever such documents, responses to interrogatories (including copies thereof) or other materials, or the subject, existence or contents of said documents, to any person not acting and participating as an attorney of record in the Litigation (or staff of such attorney assisting the attorney in the Litigation), subject only to the exceptions outlined in the following paragraph. In addition, all persons to whom Confidential documents, responses to interrogatories,

and/or other materials are disclosed are hereby enjoined from disclosing such documents, responses to interrogatories, and/or materials to any person except as provided in this Order.

6. The following exceptions to the restrictions set forth above shall be recognized, agreed to and followed:

    a. Confidential material under this Order may be disclosed to the Parties in the course of their participation in the Litigation. The Parties agree that they will at all times abide by the terms of this Order and maintain the confidentiality of such materials and will not disclose in any manner whatsoever either the documents themselves, copies thereof or the contents of any Confidential material to anyone other than her or its counsel or a member of that counsel's staff.

    b. The Parties' counsel may disclose Confidential material to any person working with counsel as an attorney, secretary, or paralegal in the prosecution or defense of the Litigation.

    c. Counsel may disclose material designated as Confidential to any witness or prospective witness during discovery or in preparation for trial, or at trial, as needed to prepare such witness or prospective witness for such trial or pre-trial testimony, subject to subsection (f) below.

    d. Disclosure of Confidential material may also be made to the extent necessary to examine or cross-examine witnesses during pre-trial depositions or to the extent needed to support or oppose any motion to the Court, at trial, or with respect to any appeal, subject to subsection (f) below.

    e. Counsel may disclose Confidential material to any expert or to any person who will or may provide expert testimony and/or who may submit an expert affidavit or declaration at any stage of these proceedings, including discovery, trial, and any appeal, provided that such expert agrees to be bound by the terms of this Order, as set forth in subsection (f) below. Each such expert must

5
STIPULATED PROTECTIVE ORDER
4843-0931-4030

execute a copy of the Statement of Confidentiality appended hereto before she or he may access confidential material.

   f. Any person to whom disclosure is made pursuant to the above subsections shall be given a copy of this Order, and shall acknowledge that he or she is fully subject and bound by the terms of this Order by executing a statement of confidentiality identical to **Exhibit A**, attached hereto. Disclosures will occur only on the condition that any such person understands fully the confidentiality of the material and the restrictions regarding its disclosure as imposed by this Order and agrees to comply with such restrictions. Counsel shall maintain and be prepared to produce a copy of that statement to opposing counsel, upon request, if a violation of this Order is reasonably believed to have occurred.

  7. Protected materials may not be filed in Court, whether separately or with or as part of pleadings or other court papers, except under seal. Any party wishing to make such a filing must first present a Notice and Request Seal Documents as to the specific documents sought to be filed under seal to the Court for its approval as provided by Local Rule 141.

  8. No designated person, witness, or counsel shall make any permanent copies of Confidential materials for any use in their business or personal affairs or any other litigation or case. No Confidential material shall be used for any purpose other than the preparation and conduct of the above-captioned Litigation.

  9. Nothing herein shall proscribe a Party from seeking to challenge the designation of a document or information as Confidential.

  10. Nothing herein shall be construed as a waiver of any attorney-client privilege or work product protection claimed or asserted by a Party with respect to any document covered by this Protective Order.

  11. It is expressly understood and agreed that any Party designating her or its own materials as Confidential pursuant to the terms of this Order shall not be

restricted in any manner with respect to the use and/or disclosure of her or its own materials and/or documents.

12. If a Party through inadvertence produces any Confidential information or documents without labeling or marking or otherwise designating such in accordance with the provisions of this Order, the Producing Party may give written notice to the Receiving Party that the document or information produced is deemed Confidential and should be treated as such in accordance with the provisions of this Order. The Receiving Party must treat such documents and things with the designated level of protection from the date it receives such notice. Promptly upon providing such notice to the Receiving Party, the Producing Party shall provide the Receiving Party with another copy of the documents or things that bear the designation under this Order, at which time the Receiving Party shall return the originally-produced documents and things to the Producing Party. If it is impracticable or impossible to return the inadvertently produced documents and things, the Receiving Party will specifically and in writing warrant that the inadvertently produced documents and things have been destroyed and/or deleted, as the situation may call for.

13. This Order does not preclude any Party from objecting to the admission into evidence of Confidential information in Court on any appropriate basis, including without limitation, relevance, hearsay, or authenticity. This Order is entered to facilitate discovery in this action. Neither the Order nor the designation of information as Confidential, nor the failure to designate information as Confidential, shall be admissible into evidence with respect to any issue in this action.

14. Within thirty (30) days after the final termination of the Litigation, counsel for the Parties shall either: (a) make available for return to counsel for opposing Party, or (b) destroy in such a manner so as to preserve the confidentiality of, all documents and other materials containing PHI under the terms of this Order, including all copies of such materials. If counsel decides to follow Option (b),

7

STIPULATED PROTECTIVE ORDER
4843-0931-4030

counsel must provide confirmation of completed destruction to opposing counsel as requested. Such material will be disposed of in such a way to preserve its confidentiality.

8

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| EMA ROSALES,<br><br>          Plaintiff,<br><br>    v.<br><br>CRAWFORD AND COMPANY; BROADSPIRE INSURANCE SERVICES, INC.; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 2:20-CV-02530-JAM-AC<br><br>**DECLARATION OF COMPLIANCE WITH PROTECTIVE ORDER** |

    I hereby certify my understanding that material related to the above-styled case (the "Litigation") designated as "Confidential" is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this action by the United States District Court for the Eastern District of California on _____, 2021 (the "Protective Order"). I have read and understand that any violation of the terms and conditions of this Protective Order may be regarded as contempt of Court. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of California for the purposes of enforcement of this Protective Order.

    I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed this \_\_\_\_\_ day of _____, _____.

                                                   _____

**STIPULATED AND AGREED TO BY ALL PARTIES:**

DATED: July 2, 2021

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC

/s/ Savannah D. McCabe
_____
Savannah D. McCabe
Attorneys for Defendants CRAWFORD & COMPANY and BROADSPIRE SERVICES, INC.

O'DELL LAW OFFICES

[Signature provided in PDF version of proposed Order, filed as Dkt. No. 16]
_____
Valerie Toohey O'Dell
Attorneys for Plaintiff EMA ROSALES

# ORDER

The Parties' stipulated Protective Order is approved. All requests for sealing of confidential materials must comply with Local Rule 141 as confidential materials will not automatically be subject to sealing.

Accordingly, IT IS HEREBY ORDERED that the above Protective Order is issued.

**IT IS SO ORDERED.**

Dated: July 2, 2021          /s/ John A. Mendez
                             THE HONORABLE JOHN A. MENDEZ
                             UNITED STATES DISTRICT COURT JUDGE

4843-0931-4030

# CERTIFICATE OF SERVICE

*Ema Rosales v. Crawford and Company, et al.*
*U.S. District Court for the Eastern District of California*

**Case No. 2:20-CV-02530-JAM-AC**

STATE OF TENNESSEE, COUNTY OF KNOX

I am a citizen of the United States and employed in the County of Knox, Tennessee. I am over the age of 18 and not a party to the within entitled action; my business address is 265 Brookview Centre Way, Suite 600, Knoxville, Tennessee 37919.

On **July 2, 2021**, I served the document(s) entitled, **[PROPOSED] STIPULATED PROTECTIVE ORDER**, on the interested parties in this action by placing trust copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)**: I deposited such envelope in the mail at Knoxville, Tennessee with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Knoxville, Tennessee, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(VIA OVERNIGHT MAIL)**: I deposit such envelope to be placed for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at San Francisco, California.

☒ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above true and correct and was executed on July 2, 2021, at Knoxville, Tennessee.

Executed on **July 2, 2021**, at Knoxville, Tennessee.

/s/ Savannah D. McCabe

Savannah D. McCabe

# SERVICE LIST

*Ema Rosales v. Crawford and Company, et al.*
*U.S. District Court for the Eastern District of California*

**Case No. 2:20-CV-02530**

| | |
|---|---|
| Valerie Toohey O'Dell, Esq. (SBN 101999)<br>O'DELL LAW OFFICES<br>3017 Douglas Blvd., Suite 300<br>Roseville, CA 95661<br>Phone:  (916) 774-7532<br>Email:   valerie@odell-law.com | Attorneys for EMA ROSALES |