UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMA ROSALES,<br><br>    Plaintiff,<br><br>    v.<br><br>CRAWFORD AND COMPANY; BROADSPIRE INSURANCE SERVICES, INC.,<br><br>    Defendants. | No. 2:20-cv-02530 JAM AC<br><br><br>ORDER |

    This matter is before the court on two separate discovery motions by defendants in this pregnancy discrimination case. First, defendants Crawford & Company ("Crawford") and Broadspire Services, Inc. ("Broadspire") (collectively, "Defendants") move pursuant to Federal Rules of Civil Procedure 37(a)(3)(B)(iii), (iv) and Local Rule 251 for an order compelling plaintiff Ema Rosales ("Plaintiff") to provide further responses to Crawford's Interrogatory Nos. 1-3, 7, and 10, and to produce additional documents in response to Crawford's Request for Production Nos. 3, 14-16, 23, and 25. ECF No. 20. Second, defendants move for a protective order staying the depositions of their employees Maile Apau-Norris and Naomi Ikeda, noticed for August 25 and 26, 2021. ECF No. 23. These discovery motions were referred to the magistrate judge pursuant to Local Rule 302(c)(1). The motions were heard on the papers without oral argument. ECF Nos. 21, 24. For the reasons stated below, the motion to compel is

GRANTED in part and DENIED in part and the motion for a protective order is DENIED as MOOT.

## I. Relevant Background

This pregnancy discrimination employment case was removed from Sacramento County Superior Court on December 23, 2020 based on diversity jurisdiction. ECF No. 1 at 2-5. The pre-trial scheduling order issued on February 22, 2021 indicates that discovery is to be completed by January 14, 2022. ECF No. 15. A stipulated protective order was issued on July 2, 2021. ECF Nos. 16, 17.

In her complaint, plaintiff claims that defendants failed to accommodate her disability, discriminated against her by terminating her employment due to her pregnancy, disability, and use of leave, and retaliated against her in violation of the California Fair Employment and Housing Act ("FEHA"). See generally, Complaint, ECF. No. 1, Exhibit A. She also claims that defendants denied her leave in violation of the California New Parent Leave Act ("NPLA") and California Family Rights Act ("CFRA"). Id. The alleged disability upon which plaintiff proceeds is "serious anxiety and postpartum depression" that occurred following the premature birth of her child. Id., ¶ 17. This condition allegedly arose in November 2019 while plaintiff was on leave for childbirth. Id., ¶¶ 16-17. After defendants extended her leave once, plaintiff's sought was further extensions of leave. Id., ¶¶ 16-20. Plaintiff alleges that instead of being granted additional leave, she was unjustly terminated from her job in January 2020. Id. ¶ 19. Plaintiff seeks compensatory damages, punitive damages, and damages for mental and emotional distress along with other forms of relief. Id. at 36.

## II. Motion to Compel

A. Discovery Requests at Issue

The defendants seek plaintiff's execution of authorizations for the release of her relevant medical records; plaintiff's execution of authorizations for the release of her post-termination employment and compensation records; plaintiff's mitigation efforts; plaintiff's relevant social media postings and messages; and further detail with respect to several of plaintiff's interrogatory

////

answers. ECF No. 22 at 6. The specific requests for production ("RFPs") and interrogatories[1] at issue are:

- Interrogatory No. 1-2, 10 (Basis of Claims Information)

    INTERROGATORY NO. 1: Describe in detail all facts supporting your allegation that Defendants, their agents, and/or their employees discriminated against you, retaliated against you, and/or treated you unlawfully in any way because of your pregnancy, including identification of each and every individual who was involved and/or witnessed any unlawful act, the date of any unlawful act, and any documentation that exists concerning any unlawful act.

    INTERROGATORY NO. 2: Describe in detail all facts supporting your allegation that Defendants, their agents, and/or their employees discriminated against you, retaliated against you, and/or treated you unlawfully in any way because of your purported disability, including identification of each and every individual who was involved and/or witnessed any unlawful act, the date of any unlawful act, and any documentation that exists concerning any unlawful act.

    INTERROGATORY NO. 10: What additional facts, documents, and/or witnesses exist, other than set forth in the Complaint, to support or refute your allegation in the Complaint that you were advised that you "should expect a call to return to work earlier, before [your] leave expired," and that "if [you] did not, [you] would risk termination"?

- Interrogatory No. 7 and Request for Production No. 3 (Medical Records)

    INTERROGATORY NO. 7: Identify each healthcare practitioner or professional, including doctors, physicians, psychiatrists, psychologists, or counselors, from whom you have you sought or received treatment or counseling for any physical, mental, emotional, or psychological issues from January 1, 2015 through trial, including treatment [for] your alleged post-partum depression and anxiety and the alleged emotional distress and past and mental pain and anguish referenced in the Complaint. For each such individual or entity, please execute a separate Medical Authorization, a copy of which is attached to Crawford's First Set of Requests for Production as Exhibit A.

    REQUEST NO. 3: Please execute and produce authorizations for release of medical and employment records in forms identical to those attached as Exhibits A and B, addressed to each individual or entity listed in response to Crawford's Interrogatory Nos. 7 and 14, respectively.

- Requests for Production Nos. 3, 14-16 (Compensation and Employment Records)

---

[1] The motion indicates Interrogatory No. 3 is also at issue, but that interrogatory is not addressed substantively in the briefing. It is therefore not considered and not ruled upon herein.

REQUEST NO. 14: Please produce all documents setting forth your income and the sources of your income from January 1, 2016, to the present, including by not limited to federal and state tax returns, payroll records, check stubs, deposit slips, IRS forms W-2 and 1099, or other documents that refer to or evidence the receipt of any funds derived from any source.

REQUEST NO. 15: Please produce all documents explaining, showing, or setting forth the terms of any benefits to which you are or may be entitled from any person for whom you rendered services from January 1, 2016, to the present.

REQUEST NO. 16: Please produce all documents that relate to any application for or income received from unemployment compensation, workers' compensation, "welfare" or "public assistance" benefits, disability benefits, social security benefits, health insurance benefits, or other benefits you have received or have a right to receive from January 1, 2016, to the present.

- Request for Production No. 23 (Mitigation Efforts)

    REQUEST NO. 23: Please produce any and all documents that relate to your efforts to obtain part-time or full-time employment or self-employment since January 3, 2020.

- Request for Production No. 25 (Social Media)

    REQUEST NO. 25: Please produce copies of all online profiles, postings, and messages (including, without limitation, tweets, instant messages, status updates, comments, and blog entries), and all photographs, videos, communications, and other documents relating to Defendants, their business and policies, their treatment of you or any other employee, the allegations in your Complaint, the damages you seek from Defendants, or the defenses asserted in Defendants' Answer, regardless of whether such documents and information support or refute your claims.

Defendants move to compel on the basis that the information is crucial to their ability to determine the scope and nature of plaintiff's alleged disability, evaluation of damages, plaintiff's claims, and their defenses.

B. <u>Standard on Motion to Compel</u>

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of

> the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975). General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim. Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005).

C. Interrogatory No. 1-2, 10 (Basis of Claims Information)

Defendants seek clarification and further responses to interrogatories 1, 2, and 10, which plaintiff substantively answered as shown in Exhibit A to the joint statement (ECF No. 22-2). Specifically, defendants ask plaintiff to expand upon the following topics referenced in her answers:

- Plaintiff's "own research" which informed her request for over five (5) months of parental leave, and forms the basis of her perceived leave entitlement. Ex. A, p. 3. Defendants seek identification of the avenues and platforms on which Plaintiff conducted this research, and any resulting information.

- Naomi Ikeda giving Plaintiff unspecified "erroneous" information regarding her leave. Id., p. 4. Defendants request identification of the information in question, and why it was allegedly incorrect.

- Those representatives of Defendants with "seniority and a position of authority" who gave Plaintiff "short, and borderline dismissive" answers to her alleged leave-related questions. Id., p. 5. Defendants seek identification of the referenced individuals, the questions asked by Plaintiff, and the purportedly inadequate responses received.

- Plaintiff being "advised to seek help" regarding her self-diagnosed "extreme depression and anxiety." Id., p. 6. Defendants ask for identification of those who advised Plaintiff, along with the date(s) of such advice.

- Plaintiff having a leave-related conversation with her supervisor to unnamed "coworkers." Id., p. 12. Defendants seek identification of these coworkers.

ECF No. 22 at 24-25. Plaintiff objects, arguing that the questions are compound and constitute more than the permissible number of interrogatories. The court agrees with plaintiff. Plaintiff provided substantive answers to these interrogatories; any follow up questions can be addressed in a deposition. Compelling plaintiff to answer the further questions defendants pose above is unwarranted and would impermissibly expand the number of interrogatories posed. The motion to compel is denied on this point.

   D. <u>Interrogatory No. 7 and Request for Production No. 3 (Medical Records)</u>

Defendants seek an order compelling plaintiff to: (1) identify each healthcare provider, including psychologists and counselors, from which plaintiff sought or received treatment for any physical or mental issue from January 1, 2017 through the present; and (2) execute the HIPAA-compliant authorization(s) that defendants have twice provided. ECF No. 22 at 10. The undersigned agrees that defendants are entitled to relief insofar as plaintiff has responsive information and/or documents that have not yet been provided, but finds no basis to compel plaintiff to sign a HIPPA release.

////

////

////

There is no question here that under applicable law,[2] plaintiff's medical records (as appropriately limited in time and scope) are relevant and discoverable. See Gonzalez v. Marks, No. 1:07-CV-00949, 2009 WL 179779, at *3 (E.D. Cal. Jan. 26, 2009) (holding that "as Plaintiff . . . has placed his mental health at issue by, among other things, seeking damages for emotional distress and mental anguish, Plaintiff's mental health records are relevant and discoverable" and ordering production of medical records where defendants sought plaintiff's execution of release for records). Given the nature of plaintiff's claims of disability discrimination and emotional distress claims, defendants are certainly "entitled to examine [her] medical records . . . regarding the physical and mental health allegations in the Complaint," and to "examine records from an earlier time frame to test the allegations of causation." Id.; see also E.E.O.C. v. Ca. Psychiatric Transitions, 258 F.R.D. 391, 400 (E.D. Cal. 2009) (where plaintiff sought emotional distress damages resulting from employer's sexual harassment, "Defendant should be able to determine whether Plaintiff's emotional state may have been affected by something other than Defendant's alleged actions.")

Plaintiff does not actually dispute the discoverability of these requests or defendants' entitlement to the information. Instead, plaintiff objects based on privacy, and states that documents will be produced subject to the entry of a protective order. ECF No. 22 at 7. Plaintiff also argues that she should not be required to sign any release of medical records because defendants can simply subpoena the physicians in question. ECF No. 22 at 11. Finally, plaintiff argues that "[f]iling a civil rights lawsuit alleging emotional distress or lost wages does not

---

[2] "Pursuant to Erie and its progeny, federal courts sitting in diversity apply state substantive law and federal procedural law." Feldman v. Allstate Ins. Co., 322 F.3d 660, 666 (9th Cir.), cert. denied, 540 U.S. 875 (2003). Federal discovery rules apply here. However, plaintiff is also invoking a privilege based upon privacy rights. "Most evidentiary rules are procedural in nature, and the Federal Rules of Evidence 'ordinarily govern in diversity cases.'" Feldman, 322 F.3d at 666 (quoting Wray v. Gregory, 61 F.3d 1414, 1417 (9th Cir. 1995)). Here, the applicable evidentiary rule provides: "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501; Home Indem. Co. v. Lane Powell Moss & Miller, 43 F.3d 1322, 1328 (9th Cir. 1995) ("[b]ecause Alaska state law supplied the rule of decision with respect to the claims in this case, Alaska privilege rules had to be applied"). Accordingly, California law governs the application of plaintiff's privilege assertion.

automatically strip a Plaintiff of the right to privacy with respect to medical or financial records" and that any waiver must be construed narrowly.  Id.

The court agrees with defendants that plaintiff must produce all responsive information within her possession.  A stipulated protective order has been entered by the court.  ECF No. 17.  This alleviates any privacy concern plaintiff may have.  Additionally, any privilege has unquestionably been waived because plaintiff put her physical and mental health squarely at issue in her complaint; the discovery sought is sufficiently narrowly tailored to the needs of the case.  See Prescott v. County of Stanislaus, No. 1:10-CV-00592 OWW, 2011 WL 2119036, at *2 (E.D. Cal. May 23, 2011) ("under California law, the patient-physician privilege is waived where the patient's specific medical condition is placed into issue by the patient.  Under federal law, the privilege may when the patient files a lawsuit that places the content of the privilege communications in issue.") (internal citations omitted).

With respect to the defendants' ability to subpoena medical records and plaintiff's refusal to sign a waiver, however, the court agrees with plaintiff.  Plaintiff is correct that the court has no basis to compel plaintiff to sign a waiver (though it would lead to more expeditious discovery if she did so) where defendants have a route for discovery available: they can utilize a third-party subpoena and seek relief from the court as necessary if production is refused.  Plaintiff's medical records are protected by The Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), the relevant rules of which provide that "covered entities" such as care providers may disclose protected medical records without patient consent: (1) in response to a court order, provided only the information specified in the court order is disclosed; or (2) in response to a subpoena or discovery request if the health care provider receives adequate assurance that the individual whose records are requested has been given sufficient notice of the request, or if reasonable efforts have been made to secure a protective order.  45 C.F.R. § 164.512(e)(1)(i), (ii).

Defendants can and should subpoena the necessary providers; they may include a copy of this order—which expressly finds the records discoverable—and the stipulated protective order.  If a provider refuses to respond to the subpoena on HIPPA grounds, the appropriate next step for defendants is to bring a motion to compel the third-party production.  Thus, to the extent there are

additional responsive documents and information in plaintiff's possession, the motion to compel on this point is granted. Documents in the possession of providers may be sought by separate subpoena.

### E. Requests for Production Nos. 3, 14-16 (Compensation and Employment Records)

Defendants ask for the court to compel plaintiff to produce her tax returns for each year from 2016 to present, and to compel her to sign a release for her employment and EDD records. The arguments related to plaintiff's records from her current employer and her EDD file mirror the medical record arguments discussed above. Again, the records are clearly relevant and discoverable, but the court will not compel plaintiff to sign a release. The correct approach is for defendants to issue the necessary third-party subpoenas. Defendants do not dispute that they have the information necessary to issue subpoenas. To the extent plaintiff has any additional responsive documents or information in her possession, it must be produced.

With respect to the returns, plaintiff objects based on California's tax return privilege. ECF No. 22 at 18. However, the undersigned agrees that any privilege claim is waived because plaintiff raises it for the first time in the joint statement. See ECF No. 13 at 30 (plaintiff's response to RFP No. 14); Endsley v. Travelers Prop. Cas. Ins. Co., No. 1:14-CV-00346, 2015 WL 2380657, at *3 (E.D. Cal. May 18, 2015) (plaintiff waived privilege where he "never asserted any 'tax return privilege' in his initial responses"). This privilege is additionally waived where "a plaintiff's complaint places his tax return at issue through an allegation of lost income." Id. (quoting Valdez v. Travelers Indem. Co. of Conn., No. 12-04307, 2013 WL 3989583, at *5 (N.D. Cal. Aug. 2, 2013)). The motion is granted insofar as plaintiff must produce all responsive documents in her possession, including tax returns, and denied so to compelling plaintiff to sign a release.

### F. Request for Production No. 23 (Mitigation Efforts)

Plaintiff asserts that she has produced all responsive documents in her possession with respect to RFP No. 23. ECF No. 22 at 20. Defendants argue that plaintiff has not produced "online profiles" that are referenced with respect potential employers, from which she can presumably download relevant materials. ECF No. 22 at 19. In the absence of evidence to the

9

contrary, defendants are required to accept plaintiff's response that, despite a diligent search, she has produced all the documents that she has access to. See e.g., Mootry v. Flores, 2014 WL 3587839, *2 (E.D. Cal. 2014) ("Defendants cannot be required to produce documents that do not exist. Absent evidence to the contrary, which has not been presented, Plaintiff is required to accept Defendants' response no such documents exist."); accord, Holt v. Nicholas, 2014 WL 250340, *4 (E.D. Cal. 2014) ("Absent evidence to the contrary, which has not been presented, Plaintiff is required to accept Defendant's amended response that no such documents responsive to his request exist."). Defendants have failed to put forth any concrete evidence that that plaintiff is being untruthful in her assertion or was incomplete in her search. In the absence of concrete evidence to the contrary, the court will accept plaintiff's sworn statement that no additional responsive document exists and will not compel production.

G. Request for Production No. 25 (Social Media)

Defendants seek production plaintiff's social media content; the request is limited in scope. ECF No. 22 at 20-21. Plaintiff objects that the request is overbroad, vague, and violates her right to privacy. Id. at 21. A reading of the relevant request (RFP No. 25) demonstrates that it is, on its face, sufficiently narrowly tailored to this case. Further, there is no relevant right to privacy or privilege to prevent production. "Generally, [social networking] content is neither privileged nor protected by any right of privacy." Mailhoit v. Home Depot U.S.A., Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012). As relevant here, "[s]uch information from social media is relevant to claims of emotional distress because social media activity, to an extent, is reflective of an individual's contemporaneous emotions and mental state." Hinostroza v. Denny's Inc., No. 2:17-cv-02561-RFB-NJK, 2018 WL 3212014, at *6 (D. Nev. June 29, 2018). The request, being sufficiently narrowly tailored to seek relevant information, is appropriate and plaintiff is compelled to respond.

### III.   Motion for Protective Order

A. Nature and Scope of the Dispute

Defendants request that the court enter a protective order staying the depositions of their employees Maile Apau-Norris and Naomi Ikeda that were scheduled for August 25 and 26, 2021,

10

respectively. ECF No. 23. Defendants assert that plaintiff unilaterally scheduled deposition notices for the employees and unreasonably demanded to depose employee Apau-Norris before she will consent to be deposed herself. ECF No. 26 at 3. Defendants also assert that the negotiations regarding deposition timing were occurring against the background of the motion to compel, which needed be ruled upon before depositions could go forward. Id. In the joint statement, defendants report that "[w]hile the parties discussed the possibility of conducting the depositions on a staggered schedule in September, with Plaintiff's deposition taking place in between those of Maile Apau-Norris and Naomi Ikeda, this option remained untenable given the outstanding discovery withheld by Plaintiff." Id. at 4. Plaintiff also indicated her agreement to the staggered deposition approach. Id. at 6.

B. Standard on Motion for Protective Order

Under the Federal Rules of Civil Procedure, the method available to limit the breadth or use of a discovery request is a motion for a protective order under Fed. R. Civ. P. 26(c). This rule states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c). Options available to the court include, in part, "forbidding the disclosure or discovery; [ ] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Id. District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122,

1130 (9th Cir. 2003)). As discussed above, the scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26.

### C. The Parties Shall Proceed with the Agreed Staggered Deposition Schedule

The issue of having depositions proceed before a ruling on defendants' motion to compel is now moot, as the court has ruled in the motion to compel in this order. The parties have otherwise agreed to the staggered deposition schedule described above. The court therefore denies the motion for a protective order as MOOT and ORDERS the parties to proceed with the agreed staggered deposition schedule following compliance with this court's order on the motion to compel. The parties shall meet and confer with respect to specific dates. The court is confident that, with experienced and collegial counsel on both sides in this case, the parties will work collaboratively to find a schedule acceptable to all without further court intervention on the topic.

## IV. Conclusion

Defendants' motion for a protective order (ECF No. 23) is DENIED as Moot. Defendants' motion to compel (ECF No. 20) is GRANTED in part and DENIED in part as set forth above. Specifically, plaintiff is ordered to:

1) Identify each healthcare provider, including psychologists and counselors, from which Plaintiff sought or received treatment for any physical or mental issue from January 1, 2017 through the present in response to Interrogatory No. 7 and, to the extent plaintiff possesses any additional documents responsive to Request for Production No. 3, the documents must be produced;

2) Produce requested tax return information responsive to RFP No. 14; and

3) Produce social media documents responsive to RFP No. 25

The production shall be made within 14 days of this order.

IT IS SO ORDERED.

DATED: September 27, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE